**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TONY WARFORD,<br>MARK MCGUIRE,<br>PAUL NORDBYE, and<br>KEVIN KNISS, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-0237-CVE-JFJ |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 8). Defendant American Airlines, Inc. (American) argues that plaintiffs' claims should be dismissed in their entirety, because plaintiffs allege that they have suffered workplace injuries that fall within the scope of the exclusive workers' compensation remedy under Oklahoma law. American argues that plaintiff Tony Warford filed and settled a worker's compensation claim against American, and he is precluded from filing tort claims against American. Finally, American contends that plaintiff Kevin Kniss previously filed and dismissed a lawsuit against American for the same conduct alleged in this case, but Kniss failed to refile his lawsuit within one year of the dismissal of the prior case.

### I.

Each of the plaintiffs works for American at its Composite Repair Center (CRC), and plaintiffs regularly use dangerous chemicals as part of their employment. Dkt. # 2-1, at 2. Plaintiffs have each worked for American for at least 30 years, and they claim that they have continuously been exposed to dangerous chemicals throughout their employment. Id. In May 2022, Mark McGuire underwent radiation and chemotherapy treatment after being diagnosed with throat cancer. Id.

Warford was diagnosed with neuroblastoma cancer of the tongue, tonsils, and soft palate, and he had surgery to reconstruct his jaw. Id. In 2024, Paul Nordbye was also diagnosed with throat cancer and received chemotherapy and radiation treatment. Id. at 2-3. Plaintiffs state that three other employees of the CRC have died from throat cancer during an unspecified time frame. Id. at 3. Each of the plaintiffs state that they have ongoing throat and respiratory problems caused by exposure to dangerous chemicals, and the symptoms include loss of taste, difficulty swallowing, flu-like symptoms, tinnitus, and fatigue. Id. Warford filed a claim for worker's compensation benefits from American, and the case was resolved by means of a confidential settlement agreement. Id. Kniss and two other American employees filed a putative class action against American and, in a second amended complaint, the plaintiffs alleged an intentional tort claim against American alleging that they suffered from numerous health problems due to exposure to toxic substances. Kevin Kniss et al. v. American Airlines, Inc., 18-CV-212-JWB-JFJ, Dkt. # 31 (N.D. Okla. Feb. 9, 2021). On October 28, 2022, the parties filed a stipulation of dismissal closing the case without prejudice to the refiling of plaintiffs' claims, but the case was not refiled within one year of the dismissal.

Plaintiffs filed this case in Tulsa County District Court alleging claims of "personal injury" and "negligence/gross negligence" against American. As to the personal injury claim, the petition alleges as follows:

29.     American knew that the release of the fumes, particles, vapors, and/or dust in the Shop was substantially likely to cause exposure-related injury(s) to the Shop mechanics and employees, including the Plaintiffs.

30.     American decided to release the toxic fumes, particles, vapors, and/or dust into the Shop's atmosphere, knowing that the exposure-related injury(ies) to the Plaintiffs, and others, were substantially likely to result.

31.     American knew that any filtration system(s) in the Shop were inadequate and/or ineffective at preventing the dissemination of the fumes, particles, vapors, and/or dust that caused Plaintiffs' injuries.

Id. at 4.  Plaintiffs also allege that the same conduct shows "reckless indifference" to the employees of the CRC, and American acted with negligence or gross negligence by releasing toxic chemicals, vapors, and fumes into the workplace.  Plaintiffs seek compensatory and punitive damages in excess of $75,000.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263

F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

American argues that plaintiffs have not adequately alleged that American acted with knowledge that its conduct would be substantially certain to cause an injury to its employees, and plaintiffs' claims are barred by the exclusive remedy provision of Oklahoma's Administrative Workers' Compensation Act, OKLA. STAT. tit. 85A, § 1 et seq. (AWCA).  Dkt. # 8, at 4-7.  Plaintiffs argue that there has been a change in the lawm and this Court should recognize that gross negligence provides an exemption from workers' compensation exclusivity.  Dkt. # 28, at 7.  Plaintiffs also assert that they have provided sufficient proof that American allowed toxic chemicals and fumes to permeate the workplace for years, and American knew that exposure to chemicals was causing its employees serious injuries.  Id. at 9-12.

The Oklahoma Supreme Court has explained that the workers' compensation remedy was designed to function as a bargain or compromise between employees and employers:

> The Workers Compensation Act was designed to provide compensation to covered workers for loss of earning capacity as a result of work-related accidents.  It is a mutual compromise in which the employee relinquishes his/her right to sue for damages sustained in job-related injuries; and the employer accepts no-fault liability for a statutorily prescribed measure of damages.  However, in exchange for the employer's greater and more certain exposure, the Act also provides the employer with certain advantages.  It offered the employer a maximum loss and protected employers from excessive judgments.  The object of the Act is to compensate, within the limits of the act, for loss of earning power and disability to work occasioned by injuries to the body in the performance of ordinary labor.

Evans & Assoc. Utility Servs. v. Espinosa, 264 P.3d 1190, 1195 (Okla. 2011).  Under Oklahoma law, the "rights and remedies granted to an employee subject to the provisions of the Administrative

Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee . . . ." OKLA. STAT. tit. 85A, § 5(A). The only relevant exception to the exclusivity of the workers' compensation remedy concerns "intentional tort[s] committed by the employer." OKLA. STAT. tit. 85A, § 5(C)(2). The Oklahoma Supreme Court interpreted a prior version of Oklahoma's workers' compensation exclusivity provision to allow an aggrieved to employee to bring an intentional tort claim when the employer "(1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct." Parret v. UNICCO Serv. Co., 127 P.3d 572, 579 (Okla. 2005). The current version of the exclusivity statute provides that:

> An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

OKLA. STAT. tit. 85A, § 5(C)(2).

The Oklahoma Supreme Court has found that the Oklahoma Legislature's attempts to define the scope of the workers' compensation remedy applies only to the definition of accidental injuries, and this statute was ineffective as an attempt to remove "substantial certainty" from the scope of common law intentional torts. Wells v. Oklahoma Roofing & Sheet Metal, LLC, 457 P.3d 1020 (Okla. 2019). The Oklahoma Supreme Court determined that "the willful, deliberate, specific intent of the employer to cause injury, and those injuries that an employer knows are substantially certain to occur, are both intentional torts that are not within the scheme of the workers' compensation system or its jurisdiction." Id. at 1029. However, claims based on "[m]ere carelessness or

negligence, however gross, will not suffice" to state an intentional tort under any circumstances. Id. at 1028. Regardless of the language of § 5(C)(2), the substantial certainty standard remains a viable means of alleging an intentional tort outside of the scope of the workers' compensation remedy. Diette v. Arcosa Wind Towers, Inc., 2019 WL 4979852, * 3 (N.D. Okla. Oct. 8, 2019).

Plaintiffs rely solely on the "substantial certainty" standard as a means for asserting an intentional tort claim against American, and they contend that gross negligence claims now fall within the scope of an intentional tort under Oklahoma law. Dkt. # 28, at 6-8. Plaintiffs acknowledge that the Tenth Circuit has previously found that gross negligence does not constitute an exemption to the exclusive workers' compensation remedy for workplace injuries. Id. at 7 (citing Cudd Pressure Control, Inc. v. New Hampshire Ins. Co., 645 F. App'x 733, 743 (10th Cir. 2016)). However, plaintiffs argue that the Oklahoma Supreme Court has determined that acts of gross negligence fall outside the scope of employment for the purpose of the Oklahoma Governmental Tort Claims Act. Id. at 7 (citing Spencer v. Nelson, 557 P.3d 144 (Okla. 2024)). Plaintiffs rely on this ruling to extrapolate that the Oklahoma Supreme Court "equated grossly negligent conduct with willful and wanton conduct, which, in turn, is synonymous with intentional torts," and plaintiffs suggest that the "*Cudd Pressure* holding was made without this latest clarification from the Oklahoma Supreme Court in *Spencer*." Id. at 8. Plaintiffs claim that the Oklahoma Supreme Court recently had an opportunity to rule that gross negligence claims are not an exception to the exclusivity of the workers' compensation remedy and, by declining to rule, impliedly held that gross negligence claims do constitute an intentional tort that can be pursued in lieu of workers compensation. Id. In Cactus Drilling Co., LLC v. Kirkland, 584 P.3d 1186 (Okla. 2026), the Oklahoma Supreme Court granted a writ of prohibition ordering the lower court to dismiss the

plaintiff's tort claims, because the plaintiff had already sought workers' compensation benefits and he engaged in improper claim splitting by filing a lawsuit in addition to a claim for workers' compensation benefits.[1] Id. at 1188-89.  However, the Court made no mention concerning whether the plaintiff would have been permitted to proceed with a gross negligence claim and did not rule on this issue.

Plaintiffs' argument, at best, relies on a series of assumptions and unsupported inferences, and the Court rejects plaintiffs' argument that gross negligence claims qualify as intentional torts that are exempt from the exclusive remedy provision of the workers' compensation act.  In Wells, the Oklahoma Supreme Court expressly stated that "mere carelessness or negligence, however gross, will not suffice" for an intentional tort claim.  Wells, 457 P.3d at 1028.  Plaintiffs argue that the Oklahoma Supreme Court has found that gross negligence may be outside the scope of employment for the purpose of a tort claim against a governmental entity, but this legal concept has no obvious connection to what claims or actions might constitute an intentional tort in the specific context of workers' compensation exclusivity.  The Court also finds no merit to plaintiffs' assertion that Cactus Drilling has any bearing on the issue of whether gross negligence can constitute an intentional tort under Oklahoma law.  The Oklahoma Supreme Court had no reason to consider whether gross negligence could qualify as an intentional tort under the Parret standard, as it found that the plaintiff's claims in Cactus Drilling were plainly barred for another reason.  The Court finds no other argument raised by plaintiffs to support their assertion that gross negligence could meet the standard

---

[1]    The Oklahoma Supreme Court's decision in Cactus Drilling likely disposes of Warford's claims in this case, and he admits that he filed a workers' compensation claim and settled the claim with American prior to filing this lawsuit. Dkt. # 2-1, at 3.  However, the Court finds that it is unnecessary to consider this argument as a separate basis for the dismissal of Warford's claims as will be explained below.

for an intentional tort, and the only clear statement of Oklahoma law on this issue from Wells shows that negligence of any type is not considered an intentional act for the purpose of avoiding workers' compensation exclusivity. The Court finds no basis to treat plaintiffs' gross negligence claim as an intentional tort.

The Court will consider whether plaintiffs' "personal injury" claim could qualify as an intentional tort based on the allegations of plaintiffs' petition.[2] Plaintiffs allege that they have been exposed to dangerous chemicals in the workplace, and plaintiffs McGuire, Warford, and Nordbye have been diagnosed with different forms of cancer. Dkt. # 2-1, at 2-3. Plaintiffs claim that many employees of American were unaware of the exposure to dangerous chemicals until Warford filed a workers' compensation claim, and American "continued to knowingly and intentionally release . . . toxic fumes into the Shop" after the workers' compensation claim was filed. Id. at 3. Plaintiffs generally allege that American knew of the release of dangerous chemicals and fumes, knew that the filtration systems were inadequate, and American "decided' to release the chemicals "knowing that the exposure-related injury(ies)" to plaintiffs and others were likely to occur. Id. at 4.

Wells clearly establishes that the substantial certainty standard remains a narrow exception to the exclusivity of the workers' compensation remedy. Not only must an employer know that an injury is substantially certain to result, but the employer must also "intend the act that caused the injury." Wells, 457 P.3d at 1025. This may be established by act or omission on the part of the employer, but the employer must have the "desire to cause the consequences of his act that the actor

---

[2]  Plaintiffs' response to the motion to dismiss includes numerous documents outside of the petition, and these documents are not referenced in the petition or incorporated into the petition. Dkt. # 28. The Court will rely solely on the allegations of plaintiffs' petition to determine whether they have alleged an intentional tort that is not barred by the exclusive remedy provision of the AWCA.

knows is certain, or substantially certain to result . . . ." Id. Plaintiffs' allegations do not meet this demanding standard. There is no doubt that plaintiffs have alleged that they and other American employees have suffered significant injuries from exposure to dangerous chemicals and fumes, but they also allege that the use of dangerous chemicals was an inherent part of their job. Plaintiffs have alleged that American knew that the filtration systems were inadequate to prevent the dissemination of chemicals and fumes, but this by itself does not equal the requisite state of mind to support an intentional tort claim as a matter of Oklahoma law. Plaintiffs complain that American has "deliberately exposed its Shop mechanics to a multitude of hazardous chemicals, and it is killing its employees at an alarming rate and injuring even more." Dkt. # 28, at 12-13. However, plaintiffs clearly allege that using products containing dangerous chemicals was a necessary part of the job, and mere exposure to dangerous chemicals will not suffice to state a claim that American acted with substantial certainty or intent to cause an injury. Plaintiffs cite statistical surveys suggesting that cancer rates for employees of the CRC vastly exceeds the national average, and they argue that American has failed to comply with regulations of the Occupational Safety and Health Administration concerning exposure to toxic chemicals in the workplace. Id. at 12. These types of allegations fall squarely within the realm of a negligence claim, particularly as it relates to American's potential breach of a tort duty, and this does not tend to show that American could have been substantially certain that its actions were likely to cause an injury to plaintiffs.

The Court does not find that plaintiffs have alleged a potentially viable intentional tort claim against American, and plaintiffs' claims are barred by the exclusive remedy provision of the OWCA. Plaintiffs' claims of gross negligence and "personal injury" both allege claims based on American's negligence in exposing plaintiffs' to a risk of exposure to dangerous chemicals, but there are no

factual allegations supporting an inference that American intentionally acted to cause plaintiffs' injuries or knew with substantial certainty that such injuries would occur. Plaintiffs have alleged that several of the named plaintiffs and other American employees developed various types of cancer after being exposed to chemicals and fumes in the workplace, but plaintiff has failed to include any non-conclusory allegations tying these injuries to an intentional act or omission on the part of American. The Court finds that it is unnecessary to reach American's remaining arguments concerning the dismissal of Warford's and Kniss's claims, as plaintiffs' claims are barred by the exclusive remedy provision of the AWCA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 8) is **granted**. A separate judgment of dismissal is entered herewith

**DATED** this 4th day of August, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE